Dr. Racquel Bovier
13029 Kinsley Heights Drive
Florissant, Missouri 63033
(314) 249-9697
drracquelbovier@live.com

DR. RACQUEL BOVIER, IN PRO PER

FILED
MAY 23 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**U.S. DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORIA**

**COMPLAINT: ADVERSE UNLAWFUL EMPLOYMENT ACTIONS WITH GRANTING FOR FEDERAL RIGHT TO SUE BY EEOC of San Diego & State of California Department of Fair Employment & Housing for Cause: FEDERAL LAWSUIT in the Superior Court of the State of California for the County of San Diego**

**PLAINTIFF(S):**

**Dr. Racquel S, Bovier**
**c/o Epiphany OnePointe Teletherapy & Assoc., LLC**
**(By Honorable Court Request for "Jane Doe")**

**VS.**

**DEFENDANTS;**

**BRIDGEPOINT EDUCATION/Ashford University; University Governing Board of Regents; Dr. Craig Maxwell, Dr. Anthony "Tony" Farrell; Dr. Denise Maxwell, Mr. John Goodison, Dr. Iris Lafferty, Dr. Tamecca Fitzpatrick, Dr. Judy Donovan, Dr. Jackie Kyger, Ms. Heather Mason, Dr. Alan Belcher, Mr. Armondo Dominguez & Associate**

Case No.: '17 CV 1052 GPC JMA

**COMPLAINT: ADVERSE UNLAWFUL EMPLOYMENT ACTIONS WITH GRANTING FOR FEDERAL RIGHT TO SUE BY EEOC of San Diego & State of California Department of Fair Employment & Housing for Cause: FEDERAL LAWSUIT in the Superior Court of the State of California for the County of San Diego**

**DATE:**

**TIME:**

**DEPT:**

**Judge:**

**Dept:**

**Action Filed: May 23, 2017**

**Trial Date:**

**DEMAND FOR JURY TRIAL QUESTION:**
**~ NOT AT TIME OF FILING**
**~ TBD (To Be Determined) by Case Parties' Agreement for Speedy/Most Immediate Mediation**

**PARTIES IN THIS COMPLAINT:**

**PLAINTIFF:**

**Dr. Racquel S. Bovier, c/o Epiphany**

**OnePointe Teletherapy & Associates"**

**(Requesting "Jane Doe" & Sealed Case**

**Confidentiality)**

**13029 Kinsley Heights Drive**

**Florissant, Missouri 63033-4559**

**+01 (314) 249.9697 (USA)**

**DEFENDANTS:**

**Defendant 1:**

**BRIDGEPOINT EDUCATION**

**c/o Ashford University**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 2:**

**Bridgepoint Education University**

**Governing Board of Regents**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 3:**

**Dr. Craig Maxwell**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 4:**

**Dr. Anthony "Tony" Farrell**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 5:**

**Dr. Denise Maxwell**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 6:**

**Mr. John Goodison**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 7:**

**Dr. Iris Lafferty**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 8:**

**Dr. Tamecca Fitzpatrick**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 9:**

**Dr. Judy Donovan**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 10:**

**Dr. Jackie Kyger**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 11:**

**Dr. Alan Belcher**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 12:**

**Ms. Heather Mason**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**Defendant 13:**

**Mr. Armondo Dominguez & Assoc.**

**8620 Spectrum Center Blvd.**

**San Diego, CA 92123**

**DATED: May 23, 2017**

**DR. RACQUEL S. BOVIER**
**In Pro Per**

**Plaintiff Dr. Racquel S. Bovier, c/o Epiphany OnePointe Teletherapy & Associates, LLC alleges:**

**SUMMARY OF THE ACTION**

1. **This action, beginning on June 21, 2017, and ending on or about November 30, 2016, involves the issue of unlawful actions for hiring practices, retraction of written agreement of Full-Time employment (citing salary and employment benefits, interviewed immediately by 3 Corporate parties, upon request of former Vice-President's written endorsement for a Full-Time position not yet posted, though noted to be opened within 2 months, failure to acknowledge the Disability Accommodations to which the BridgePoint Education/Ashford Unversity & All Noted Defendants (herein Noted Defendants), were provided multiple times in writing for awareness of Plaintiff's Disabilities (under identified Medical Physician's care due directly to the nature of harm, imposing undue hardship on Dr. Racquel S. Bovier (herein noted as Plaintiff) by not following pre-set Defendant Company Policies by retraction of agreement after noted as "being an asset to the Company due to past excellent performance, then later recanted (both in writing by Superior University Official Associate Dean, while imposing intense and unsolicited biased and unwarranted weekly harassing reports of scrutiny for only 1 final offer of 1 Part-Time teaching course, then termination.**
2. **Defendant's request for change of harassing and unsolicited oversight reviewer based on factual issues of egregious pages of line-by-line issues cited, that were never identified in past evaluations, a request of which was denied by Administrator, and thus continued.**
3. **DEFENDANTS Institution Employee DEFENDANT Dr. Judy Donovan engaged in unsolicited intense scrutiny and oversight with most all areas of oversight review never being any issue in past ALL FAVORABLE EVALUATIONS, does not hold status or training as an oversight reviewe, is not a content field expert, nor holds an entitled position for course reviews, and cc'd (emailed confidential employment to various parties above that of PLAINTIFF Dr. Denise Maxwell, with a litany of complaints against PLAINTIFF to multiple other organization constituents, to which the PLAINTIFF, immediately responded by " Reply All" to cease and desist, as external receiving parties were not a party to the issues, where thus the PLAINTIFF noted in writing the unethical**

**and unlawful handlings of this matter by SUPERIOR this circulated correspondence, which has impeded and will impede her future employment in online/virtual distance studies as a faculty member in Higher Education and Collegiate Studies. This, as noted in request to cease and desist, was identified as a legitimate concern for professional field networking.**

4. **Further, the action involves the DEFENDANT'S failure to uphold written promise of increasing Part-Time employment load for supplemental income until such time as the promised agreement for Full-Time Employment would occur, in August or September, 2016.**
5. **PLAINTIFF was wrongfully terminated based upon RETALIATORY actions toward the PLAINTIFF, after written notice of EEOC CASE FILING made to the DEFENDANTS, included and considered wrongful and unjust, as included and endorsed in the RIGHT OF NOTICE TO SUE by SAN DIEGO EEOC .**

**JURISDICTION & VENUE**

**(A) FEDERAL QUESTION JURISDICTION by Title 47; U.C.C, SS 2-610 Repudiation & Retraction~ With Federal Statute Subsections 2-703 & 2-711 (Request for Remedy)**

**(B) DIVERSITY JURISDICTION per CAUSE that none of the plaintiffs live in the same state as any of the defendants AND the amount of damages is more than $75,000.**

**SAN DIEGO COUNTY SUPERIOR COURT**

**THE US DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA**, as this case venue is appropriate due to the location therein a substantial part of the events occurred in this *The District.*

**INTRADISTRICT ASSIGNMENT**

**Under Civil Local Rule 3-2, this civil action should be assigned to the San Diego Division, because a substantial part of the events which give rise to the claim occurred in San Diego County.**

**DEFENDANTS**

**BRIDGEPOINT EDUCATION/Ashford University; University Governing Board of Regents; Dr. Craig Maxwell, Dr. Anthony "Tony" Farrell; Dr. Denise Maxwell, Mr. John Goodison, Dr. Iris Lafferty, Dr. Tamecca Fitzpatrick, Dr. Judy Donovan, Dr. Jackie Kyger, Ms. Heather Mason, Dr. Alan Belcher, Mr. Armondo Dominguez & Associate,** are each beholding to this case as Bridgepoint Education is the Corporation Owner for Ashford University with the University Governing Board holding oversight for employment policies, practices, and enforced University procedures, and listed defendants each working for BridgePoint Education and are each a party to the case..

## RELEVANT ACQUISITION TARGET

**BridgePoint Education is a San Diego, California based Corporation and its principal place of business for Ashford University is San Diego, California, during the relevant time period**

## FACTUAL ALLEGATIONS

Comes now **Dr. Racquel S. Bovier (c/o Epiphany OnePointe Teletherapy & Associates, therein regarded as lawsuit PLAINTIFF**, Petitioning the U.S. Superior Courts of the State of California, in the above and titled action for lawsuit in seeking Remedies and Recoveries for Compensatory Damages, Punitive Damages, and Back Pay in Pursuant to US Government Codes 12960 and 12962. Thus, the **PLAINTIFF** calls into question and renders Liabilities against the **PLAINTIFFS** per egregious actions by **BRIDGEPOINT EDUCATION/Ashford University; University Governing Board of Regents; Dr. Craig Maxwell, Dr. Anthony "Tony" Farrell; Dr. Denise Maxwell, Mr. John Goodison, Dr. Iris Lafferty, Dr. Tamecca Fitzpatrick, Dr. Judy Donovan, Dr. Jackie Kyger, Ms. Heather Mason, Dr. Alan Belcher, Mr. Armondo Dominguez & Associate; BridgePoint Education / Ashford University Accrediting Board(s), therein after titled RESPONDENT(S) in the above and entitled actions taken during the process of agreed employment hiring, engaged during the time of June 21, 2017 – November 30, 2017.**

Therein, the **PLAINTIFF respectfully Petitions the SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SANDIEGO, herein after titled The COURT, remedies due to the PLAITIFF in accordance with the aggreged FACTUAL ALLEGATIONS listed therein:**

1. **RESPONDENTS** participated in actions to engage the **PLAINTIFF** in an extensive hiring process for a Full-Time faculty position, offered, agreed and directed by way of chief administrative official, Associate Dean Dr. Denise Maxwell, whom made multiple contacts of documented correspondence with the **PLAINTIFF** during June 21, 2016 – October, 2016, with immediate requests for documents employment documents sent and approved with high regard by **DEFENDANTS,** Dr. Denise Maxwell, whom advised Senior Recruiter John Goodison, to move immediately forward in full phone interviews, and forward movement to the next steps thereby facilitating the planning and engagement of the PLAINTIFF in interviews for a Full-Time position with **DEFENDANTS**, Dr. Iris Lafferty and Dr. Tamecca Fitzpatrick, Associate Dean and Department Chair, respectively.
2. **DEFENDANT** John Goodison, (Sr. Employment Recruiter) noted the salary of $70,000.00 per annum fiscal year, with allotted full-time employment benefits to include health & life insurance, 401K benefits, and the direct position roles, and thus noted ***"we are good to go"*** to the **DEFENDANT** in status checks for the onboarding process and timelines for the Full-Time employment agreement, also noting that "as a matter of simple protocol, the **DEFENDANT** would only have one last discussion with the faculty team for which the **DEFENDANT** would engage co-working relationship on the faculty team. This was also confirmed and noted the same by **DEFENDANT** Dr. Denise Maxwell with multiple written notes of "*not to worry*", as the DEFENDANT noted that the "time was growing late" with concerns for missed employment opportunities elsewhere.
3. **DEFENDANTS** John Goodison planned and facilitated a full interview with **DEFENDANTS** Associate Dean, Iris Lafferty, and Department Chair, Tamecca

Fitzpatrick for a **NON-EXISTENT** position, in noted anticipation that the Full-Time Position would be "coming soon" as noted.

4. **RESPONDENT** John Goodison noted the salary of $70,000.00 per annum fiscal year, with allotted full-time employment benefits to include health & life insurance, 401K benefits, and the direct position faculty roles.

5. In July, 2016, **DEFENDANT** Dr. Denise Maxwell, provided written correspondence at the request of an update by the **PLAINTIFF** to find out why the 2 courses allotment and agreement was not adhered to as noted by **DEFENDANT** Ms. Heather Mason, upon the directive of **DEFENDANT** Dr. Denise Maxwell, of whom denied the request, citing for a first time that "faculty members cannot contact, nor request additional courses", with University Handbook full caption citing, a first time noting for new Faculty Scheduler, though never noted after 1 year and only 6 part-time courses taught under former Faculty Scheduler, whom never noted such policy and guidelines. Thus, **DEFENDANT** Heather Mason noted in writing that she was aware of the request by Superior Administrator **DEFENDANT** Dr. Denise Maxwell.

6. Thus, **DEFENDANT** Dr. Denise Maxwell, whom took flight from her Denver home based to the Ashford University San Diego office, then sent written correspondence after noting that she would "get to the bottom of this", thus sending back correspondence asking whether the **PLAINTIFF** had spoken with University Program Reviewer **DEFENDANT** Jackie Kyger regarding the **PLAINTIFF'S** Annual Review, which was a review that received marks in mostly PROFICIENT, and MIDRANGE work, relative and based upon Part-Time employ, which was never noted as a contingency for Full-Time hire of the **PLAINTIFF.**

7. **DEFENDANT** noted that where the Part-Time Report was not an unfavorable one and noted that the PLAINTIFF was not required to have any follow-up conference, in the **PLAINTIFF'S** quest for Full-Time Employment, and with only minimal support in Part-Time capacity role, with favorable reviews by **DEFENDANT** Dr. Alan Belcher, understood considered the minor areas of need as small points of improvement in minor

duration segments of Part-Time work.

8. **PLAINTIFF** immediately contacted **DEFENDANT** Dr. Jackie Kyger, whom wanted to know why the **PLAINTIFF** was calling, noted that he had nothing to do with any hiring process, and acknowledged that any correspondence for the annual Part-Time review was voluntary, as he had moved on to the next month's reviews.

9. Thus, in July, 2016, the **DEFENDANT** Dr. Maxwell received the immediate correspondence of the above noted action for contact with **DEFENDANT** Dr. Jackie Kyger, with response that she reviewed the report and "concurred with its findings". The **DEFENDANT**, Dr. Denise Maxwell then retracted the initial agreement noted multiple times as 'coded for hire', citing that the **PLAINTIFF** was "not a match for the University" and would therefore receive 1 Part-Time course with which was contracted under the oversight of the non-qualified content area unsolicited and extremely harassing Reviewer **DEFENDANT** Dr. Judy Donovan.

10. In August, 2016, the **PLAINTIFF** contacted the **UNIVERSITY DEFENDANT'S** "Whistle Blower Hotline, citing the egregious issues with NAVEX GLOBAL, the **DEFENDANT'S** protocol and procedural oversight partner for full transcription of complaints to be sent to the **DEFENDANT**, and agreeing to not be anonymous, in registering a complaint, in addition to noting to the University **DEFENDANTS** that she had contacted EEOC regarding the matters.

11. The **PLAINTIFF'S** single Part-Time Contract was then rendered in October, 2016, as **DEFENDANT** Business Liasion Armondo Dominguez. Mr. Dominguez made contact with the **PLAINTIFF**, requesting a deposition of the matters noted by NAVEX GLOBAL, noting that he would interview all parties. After such time, **DEFENDANT** Mr. Dominguez & Assoc. conducted a planned 'final findings' discussion, whereby noting that "no attorney could be present, only 1 person could be in the room with the **PLAINTIFF**, and citing that neither additional party would speak, for which the **DEFENDANT** Associate did indeed speak in a flagrant and unsolicited remark regarding "looking White, but not being White". The **DEFENDANT**, Mr. Armondo Dominguez

noted that he found no liability on the part of the **DEFENDANT** Company, nor its **DEFENDANTS**. Thus, **PLAINTIFF** completed the final course offered under the above-mentioned circumstances, and was granted no further contracts, and locked out of the **DEFENDANT'S** Faculty Portal Access System thereby committing an EEOC considered act of **RETALIATION**, thusforth included in the San Diego's EEOC's RIGHT OF LETTER TO SUE and the same (attached) rendered by the US Equal Employment & Fair Housing Commission. .

**CLAIMS FOR RELIEF**

1. The **PLAINTIFF** hereby requests of The Courts **BACK PAY** under Federal Statues for the Promised and Agreed Full-Time Employment with Healthcare, and 401K lost benefits under ***US Federal Code Legislation*** as allowable for $70,000.00 plus paid possible overtime, Faculty Development and Sustainable Professional Growth Allocations, Healthcare Costs as **PLAINTIFF** has **remained UNEMPLOYED in a Full-Time Capacity**, and has applied, though denied any full-time employment position, being told via voice phone correspondence and by email for application to over 60+ applications (documented in writing for self-planner notes/journal and by documented requirement to the US Unemployment Commission, with responses for employment applications that the position is filled, or "if only the entity had known earlier", the **PLAINTIFF** would have been a 'top contender' the replied denials collected in file records.
2. The **PLAINTIFF** requests relief for **COMPENSATORY DAMAGES** noted under ***US Federal Statutes*** in the allowable amount as prescribed of $300,000.00 for Institutions of 500 or more Employees with an additional $100,000.00 for inability to pay for any HealthCare, having sustained major injury documented and treated by Urgent Care Facility at reduced rate, Bill Write-Offs, Mounting Debts, and No Life Insurance Coverage, as well as $60,000 in Student Loans due to the need to increase training & degree for Post-Doctoral Degree for Marriage & Family Therapy.
3. The **PLAINTIFF** requests the sum of **$1,000,000,000.000 in PUNITIVE DAMAGES** due to the hardships faced with avoiding foreclosure, and monetary gifts to prevent

foreclosure, pay bills, attempts to maintain good credit standing, a medical diagnosis as a result of these actions by the DEFENDANTS of General Anxiety Disorder, suffering from daily panic attacks, seizures, mental lapses of days, times, and names, extreme insomnia, seclusion from family and fiance', detriment to impeding marital engagement, fear of future harm, prescribed by her Primary Care Physician noted in official medical records, and taking medications with extreme side effects, thoughts of suicide, impediments to concentration, caring for self, extreme forgetfulness, and inability to achieve productive life as would be sustained by a similar position to that of her former job elimination, and the ability to properly care for herself (all in documented Medical Record), her family, and risks faced by her granddaughter in crisis. Also, the **PLAINTIFF** is facing greater stress and health concerns due to the having to enroll in a Post-Doctoral Degree that will take a projected 3 years to complete, expired Unemployment Benefits, Thus, the PLAINTIFF remains unemployed on Full-Time capacity, and only working in a substitute, 'as needed' associate faculty work position, while also having to pay out of pocket for any healthcare for which she is unable to afford, and reduced cost prescriptions or going without unaffordable prescribed medication, with excessive borrowing. Further, the **PLAINTIFF** petitions the court For Pauperis waiver of Federal Suit Filing Fees and the designation of a **COURT APPOINTED ATTORNEY**.

**Attachments for Some pertinent EXHIBITS enclosed, with many more items of FACTUAL WRITTEN CORRESPONDENTS in PLAINTIFF'S HOLDING for additional WRITTEN FACTS of THE CASE. Documented Notice of Receipt by Signature Rendered for Remedy Requests, within adequate time Constraints are also included.**

*Dr. Racquel Bovier*

**Epiphany OnePointe Teletherapy & Assoc., LLC**
**13029 Kinsley Heights Drive**
**Florissant, Missouri 63033**

**Case for Cause: Dr. Racquel Bovier (Request for Federal Case filing by alias "Jane Doe vs. Bridgepointe/Ashford University & Noted Affiliates")**

Dr. Racquel Bovier, Acting Pro Se (Pro Bono Consult) w/TBD Schucacht, Cook & Werner Law Firm
Epiphany OnePointe Teletherapy & Associates, LLC
13029 Kinsley Heights Drive
Florissant, Missouri 63033

May 04, 2017

BridgePoint Education Corporate Affairs; SVP Legal Counsel Lori Trofemuk
President
Bridgepointe Education Corporation c/o Ashford University (College of Education); Dr. Craig Maxwell; Dr. Denise Maxwell; Mr. John Goodison, Dr. Iris Lafferty, Dr. Tamecca Fitzpatrick; Dr. Jackie Kyger; Dr. Judy Donovan; Ms. Heather Mason; Dr. Alan Belcher; University Board of Regents; Shareholder Group;**Dr. Anthony "Tony" Farrell & Mr. Armondo Dominguez & Assoc.**
8620 Spectrum Center Blvd (Office of Corporate Affairs)
*San Diego, California 92123*

Dear BridgePoint Education Corporate Affairs; SVP Legal Counsel Lori Trofemuk:

The purpose of this letter is to demand payment of money owed regarding your Agreement.

On July 15, 2016, you entered into an Agreement in my, (EEOC Case File# 488-2017-00119C; *Lawsuit to be filed in State of California Superior Court, Pursuant to Government Code 12960, and 12962;* Plaintiff, Dr. Racquel Bovier's favor for **Back Pay**, $80,000 (includes offer of employ not honored w/assoc. benefits; **Compensatory Damages, & Punitive Damages**-The total amount of damages awarded to each employee for pain, inconvenience, humiliation, etc. from discrimination and punitive damages awarded under Title I of the ADA is limited, based on the size of the employer. NUMBER OF EMPLOYEES DAMAGES LIMIT PER PERSON 500 and more 300,000. The current balance owed under the Agreement is **$1,375,000.00.**

**In addition, on June 22, 2016, interest began to accrue at a rate of 8.25% per annum. As of July 02, 2038 the accrued interest you owe will equal $2,500,286.82.**

As you can see by the enclosed copies to be entered into evidence of the Agreement, you are now past due in making payment. Demand is made upon you for full payment of the following amount:

| | |
|---|---|
| Principal Balance | $1,375,000.00 |
| Accrued Interest | $2,500,286.82 |
| *Total* | $3,875,286.82 |

Further, you must pay an additional 8.25% in accrued interest for each day after May 25, 2017 that the amount due remains unpaid.

If payment is not made by May 24, 2017, legal action to enforce your obligations under the Agreement will be taken in accordance with San Diego EEOC Notice of Right to Sue and The State of California Department of Fair Employmennt & Housing Notice of Right to Sue. ***Please give this matter your prompt attention.***

This is the address that your organization has listed and is the address that I will be using to correspond with you unless I am given updated information; which I have not been given up to this point. You may contact me at the above address if you have any questions or need additional information. Please note that all lines & correspondence will be audio recorded, and/or video recorded for submission into evidence for the Courts. This includes any agreed upon additional interrogatories or additional depositions, which are not warranted at this time, as closed by your Institution. I can be contacted by phone at +01 (314) 249 - 9697 (with voicemail) or +1 (602) 490-0907. I can be contacted via e-mail at drracquelbovier@live.com, and by address at Attn: Dr. Racquel Bovier, 13029 Kinsley Heights Drive, Florissant, Missouri 63033.

Sincerely,

Dr. Racquel Bovier, Acting Pro Se (Pro Bono Consult) w/TBD Schucacht, Cook & Werner Law Firm
Epiphany OnePointe Teletherapy & Assoc., LLC
+1 (602) 490-0907
+1 (314) 249-9697 (Direct Cell Connect)

Witnessed 4th day of May 2017

X
Notary Public
Jenny Ashe

Enclosures
Cc:
Seropian Law Firm (Pro Bono Consult Only)
Schuchact, Cook & Werner, TBD (To Be Determined) Legal Team

JENNY ASHE
Notary Public - Notary Seal
State of Missouri
Commissioned for Franklin County
My Commission Expires: March 07, 2021
Commission Number: 13678593

EEOC Form 161-B (11/16) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Racquel S. Bovier**
**13029 Kinsley Heights Drie**
**Florissant, MO 63033**

From: **San Diego Local Office**
**555 W. Beech Street**
**Suite 504**
**San Diego, CA 92101**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **488-2017-00119** | **Ana Sepulveda, Investigator** | **(619) 557-7297** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** **WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Christopher S. Green, Director**
**San Diego Local Office**

3/22/17
*(Date Mailed)*

Enclosures(s)

cc: **Lori Trofemuk**
**AVP Senior Corporate Attorney**
**ASHFORD UNIVERSITY**
**8620 Spectrum Center Blvd.**
**San Diego, CA 92123**

Enclosure with EEOC

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Lori Trofemuk
AVP Senior Corporate Attorney
ASHFORD UNIVERSITY
8620 Spectrum Center Blvd.
San Diego, CA 92123

EEOC Number: 488-2017-00119C
Case Name: Racquel S. Bovier v. ASHFORD UNIVERSITY
Filing Date: March 02, 2017

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

**Plaintiff's Exhibit 1**

From: drracquelbovier@live.com
To: denise.maxwell@ashford.edu
Subject: Special Request. . .
Date: Fri, 9 Sep 2016 14:37:14 -0500

Dearest Dr. Denise,

Hoping that your holiday time was restful (especially away fro me

) and a time of peace with your family, and also that your travels were safe. Just a note on something to consider. I was advised to send you a brief note, after a lot of reflection regarding all that took place. I'm going to try to bullet point a few things that I'd like for you to read to and respond. In this, this note is only between us and no one else. However, it's the only email that I have for you, as you may have missed the other one for request to move offline as you have (in my belief) mentored me for quite some time to be the best that I can be and that I am.

A) Regarding the IQR, I remembered sending in what I am attaching, after Dr. Alan Belcher wrote to me and asked for a self-review and noting that a peer would be evaluating me.

B) I did not see Dr. Jackie's note, nor my evaluation, until you mentioned it to me. After reading these points, I had a meeting with him, brief, and noting what he said to me. Okay, I will certainly own any mistakes that I've made, though there was a rough patch for me, and the learning curve for Ashford in gathering content and reaching my students, was never noted to me as below expectation.

C) Honestly, Denise, I took Ashford very seriously, though did devote more time to my full-time job, which was eliminated, as you know. Even my VP, whom is also transitioning out and lost his position as they restructure and try to keep the University afloat, will tell you that I have never skipped a beat in 9 years on anything at all, never on anything. However, just like with anything, there is a political story to everything.

D) I can recall getting an Ashford course with 31 students in it, and asking the scheduler if this was an oversight, and it was not. I will admit that I took on too much, much too much at that time in a part-time position, though could not anticipate the numbers reaching that high. So again, in anything that is noted of my work, I would never say no, but can we clarify, as I wasn't told this before.

E) Upon starting at Ashford, we were told that we would receive 2 courses concurrently, though that did not happen. This is noted at the end of our training which only happened one time. After this, I only taught a course every 2 months for Ashford for a total of 6 classes in 1 year. No blaming at all, though not my best work with some things, I will say that I have coached averages of 20-20 faculty concurrently in former University sessions. They were among those

kept on board as they are still in adjunct mode (no full-time hires anymore) and they were the best due to my coaching.

F) I did have a stint of illness and emergency surgery time for which I did let the University know. Recovery lasted some time, though I was told that I am and should not be held accountable or have to identify this to anyone. I provided all documentation. However now, all is top notch.

So, here is my request. I know that I am top notch and with Argosy out of the way, and not being held accountable for half a year's work, I'd like to ask that it be presented that I was a full time Faculty Manager (which meant keeping them top notch, interestingly enough), and Asst. Professor, having moved from an Associate Professor having received tenure from my University here. This was because we were told we could not be full time in 2 places. So I chose Argosy, and this happened.

You told me not to worry, to advocate for myself, saw the endorsement of the VP, Dr. Richard Belcastro sent to you personally, and it was noted that I was 'coded for hire.' I know, Denise, that with this being my full-time employ (as we were right there, just right there, I know it), that I will do the same dynamic job. I lost 2 months of searching, I feel, after being told this.

I am asking that you would please request that I still be placed in the running for Sept. 12th - 23rd. You believed in me then, and I know you still do now. I made calls with students day and night, and my ratings for retention are great with Ashford. I dipped a bit because of more focus elsewhere. Also, in our roles, as we teach, we know some will fall down as I did. However, nothing below the midpoint, nothing at all on my ratings, all 'right away' and easily 'fixable' things.

I was going to let it go, let it all go, but that is letting you down, and myself down. I was honest and upfront that yes, I do need a job, but that's honesty, not to say the only reason that I like working in your type of platform, CETL opportunities, though first my students. I was told that you have no clout, but I know that God holds every promotion, every job, and that job is for me. So. . .. I'd like to respectfully that the proposition be made to put me on probation for 3-6 mos. if needed. Also, that Sally Deckard would report my progress to you, and you will see. I know it's not over, Denise! I've seen a person get multiple targets in their first year, to then get 'Teacher of the Year' by their 3rd year, in a Blue Ribbon School here. It's because someone didn't give up on him that he is now soaring in other places. I also had adjuncts under me to make many mistakes, but my group was chosen to stay on board. It's like being the Administrator who paved the way for no issues for then next one.

You Do have clout, to have been transparent about the process and getting me there. . . Let's not stop, as the job isn't done yet. My evaluation was average to high, no lows, even with 6 classes total in one year? I truly question that. It's not over, Dr. Denise.

Please advise, as I don't want a political game of interview anymore and no job, yet here's what Racquel did, I'm familiar with it, have investigated it thoroughly, on the table, She made some learning mistakes, but let's give her a probationary chance. Very respectfully, I am convinced that the chairs have a say, but they don't decide.

Very Cordial Regards to you and hang in there! I need John to be told that yes, I am still **'coded for hire'** as I was told. I have tons of questions, but being scored at a FTF level isn't a promising stretch.

Dr. Racquel Bovier
drracquelbovier@live.com
(314)249-9697 (direct line)

**Plaintiff's Exhibit 2**

**From:** Racquel Bovier <drracquelbovier@live.com>
**Sent:** Monday, November 14, 2016 5:10 PM
**To:** armando.dominguez@bpiedu.com
**Subject:** Fw: Bovier File 5 (Coded for Hire Notation in email item) Resending Item Again.

Mr. Dominguez,

Please see a second email of the same sent to you. It says Coded for Hire, coded again in yellow! You must understand that all documents are of open review and your last email did not tell the truth. Again, we understand that your job is to mediate, though not accurate in terms of information sent to you and your response does not reflect this.

The record will reflect respectfully, any judgment, or decision on your part regarding this matter, mismanaged in true evidential correspondence as and when requested. AGAIN, it is cited below, in addition to more data.

For your legal counsel note, I have corresponded with Dr. Denise Maxwell for over 2 years, as she reached back to me in response to my special thanks to her. She facilitated my hire for the part-time position, so why would I not believe that her promise of a full-time position, as 'coded for hire', and all correspondence amongst multiple constituents would not be honored?

This is a SECOND sending of response note, identifying specifically the 'coded for hire email'. This is supported by multiple areas of position promise support over 4 months wasted and other jobs lost.

As you have rendered what you considered to be "a" decision on the issue, we need your final decision, or any additional needs. Also, as your final decision, please note after this response so as we may be able to move forward.

Without bias, your incompetency to see the facts will be called into question and your resignation requested as biased against facts shown, over remediation noted and spoken to you. Requesting next level and next steps as we follow the righting of protocol.

Cordially.
Dr. Racquel Bovier
drracquelbovier@live.com
(314) 249-9697 (direct line)

**From:** Racquel Bovier <drracquelbovier@live.com>
**Sent:** Friday, October 28, 2016 6:43 PM
**To:** armando.dominguez@bpiedu.com
**Subject:** Fw: Bovier File 5 (Coded for Hire Notation in email item)

Special Note: As mentioned, interviewed for position not in existence, then told to wait for funding for the position for which I was 'coded for hire'. In the correspondence, for sake of process and protocol, I was told by John Goodison, Iris Lafferty, and Denise Maxwell that we have to still get the application made on file as the position comes up.

**From:** Maxwell, Denise <Denise.Maxwell@ashford.edu>
**Sent:** Friday, July 15, 2016 2:22 PM
**To:** Racquel Bovier
**Subject:** RE: Lead Faculty - Human Services Leadership

I hope you are doing well, I've been on vacation so I've been a little out of the loop. This position you referenced is with another college within our university. For any openings that you see on the website, please feel free to apply to any postings that appear on the website. The only postings I'm connected with are related to positions in the college of education. Each posting has a different number, so if you feel qualified for other postings on the website, please apply to each separately.

Currently, the COE is waiting for approval for our hiring requisition, so keep an eye on the website for any postings. We are keeping your information and name on the list of consideration for when we have another opening to hire a candidate, you are still coded for any hire we may be approved for in the near future. We keep hoping we will hear about the approval for a new hiring req, but we are also in the waiting mode. I hope you are able to have a good summer as you continue to monitor the postings with AU and other institutions. Thinking of you, Denise

**Denise Maxwell, Ed.D.** / Associate Dean, College of Education
Ashford University / *Technology Changes Everything*TM
////////////////////////////////////////////////////////////////////
**P** / 800.798.0584 **X** / 21607 **F** / 877.867.7689 **C** / 720.397.9570
JOIN THE CONVERSATION: ashford.edu/social

Ashford University Social Media

ashford.edu

Ashford University's social media hub provides inspirational quotes, student success stories, and the latest

**Plaintiff's Exhibit 3**

**From:** Racquel Bovier
**Sent:** Wednesday, October 19, 2016 6:43 PM
**To:** Donovan, Judy; Maxwell, Denise; Farrell, Tony
**Cc:** Belcher, Alan; Judy Donovan; Deckard, Sally
**Subject:** Re: Refrain from Contacting Any of My References or Engage in Actions to Hinder Future Employ (Notice of Formal Actions/Navex Global, and Bridgepointe Education)

Greetings Once More,

I formally request that you seal my references or remove them from your system and make no contact with them as this is being included in cases opened. They have been notified personally as they know me well, and I will be told , as to do so would be further violation to hinder my job search and an act of retaliation to be included in current legal action.

Your actions of ethical violation have incredibly impaired my ability for time lost to gain full-time employment for which I have on record of missing time where others were hired as job searches closed during this very unethical process of hire.

Thank you, as noted on record.
RB

Dr. Racquel Bovier
Ashford University | College of Education
Associate Faculty
racquel.bovier@faculty.ashford.edu
(602) 399-7819 (office line)

**From:** Racquel Bovier
**Sent:** Wednesday, October 19, 2016 6:25 PM
**To:** Donovan, Judy; Maxwell, Denise; Farrell, Tony
**Cc:** Belcher, Alan; Judy Donovan; Deckard, Sally
**Subject:** Re: Formal Notice to Please Refrain from Harassing Notes! (Notice of Formal Actions/Navex Global, and Bridgepointe Education)

Formal Reply:

Dear Judy Donovan, c/o Denise Maxwell,

**Providing all parties notice that I have contacted Employer Ethics Relations, and filed a report now sent to Bridgepointe Education through the "Whistleblower Hotline" and Navex Global due to this very extreme issue! Bridgepointe will handle this from here and the actions of Administrators to (all on record and in writing) tell me to send her my credentials, a reference from my former employer whom you are not to contact and remove from your records, tell me that I am coded for hire, interviewed for a job immediately for which was told you only waiting for funding, then to come against me in this very harassing way making my job with Ashford extremely difficult to the point of getting sick.**

With all evidence of all correspondence, it is now in the hands of Bridgepointe Education Corporate for this matter and I ask that you do not contact me anymore to harass me by going line for line through my work where ethics in business practice have been violated. This is formal notice, and I am working with Sally Deckard as a mentor. Also, where I was told by you Judy Donovan, on a matter as simple as my title to change it to instructor as I am not a professor, amongst the other line for line harassing things that are causing my shut down, and to tell me to change things rather than coach things I've never been told before, I am under contracts with you as an Associate Professor.

So, I ask for no more contact unless by Sally Deckard, my current Mentor, the Dean or a member of the Bridgepointe Corporate whom will be in contact soon with me. Also, as I was told that I would receive 2 courses, in writing, by a superior, I appreciate any of Sally's coaching and that this mandate would be followed through instead of being told to not contact a scheduler, also on record, for a first time, by Heather and did not heed an Administrator's request.

Thus, as this process is going through and other constituent organizations and petitions filed, that you will honor my request so that I can try to do my best job in only 6-7 courses with Ashford after 1 year. I lost a lot of time, and other jobs closed while I was lied to and promised a position, interviewed before the position opened, and told to not worry, and that I was 'coded for hire' for a full-time position.

You have been formally petitioned in writing as at my request. Also, please know that to retaliate against me by firing, I encourage, which this is causing my forced resignation first, and that this knowledge makes it unlawful for retaliation. I cannot and will not speak to anyone whom is not an official, designated, and nonbiased party of your governing board in writing and on record to the complaints of ethics brought forward or Navex Global, or EEOC.

Respectfully,
RB

Dr. Racquel Bovier
Ashford University | College of Education
Associate Faculty

**Plaintiff's Exhibit 4**

**From:** Racquel Bovier [mailto:drracquelbovier@live.com]
**Sent:** Thursday, June 23, 2016 3:31 AM
**To:** Maxwell, Denise <Denise.Maxwell@ashford.edu>
**Subject:** RE: Reference information. . . Task Complete
**Importance:** High

Greetings, Denise,

Thank you for all of your contact. As you can imagine, I have sleepless nights, and again was sleeping during the time of your call. My bluetooth headset was activated, causing the issue that you mentioned, so I have dismantled it. The doctor prescribed me anti-anxiety medication, due to the issue, and in order to try to get the sleep that finally kicked in a bit.

I'm really confused as I devoted 9 years to the organization, and they randomly selected many of us, an issue that began happening 4 years ago. So, I'm not sure what I will do about health insurance as July 1st hits. In the meantime, I did forward my credentials and cover letter to Dr. Iris Lafferty as you instructed. I am just scared right now, and I know that God is not a God of fear. I am doing all that I can to keep the faith and just want to thank you again for all that you are doing to help support me. I am also going to reach out to John Goodison on the Talent & Acquisition Team. I will forward you now what I sent to Dr. Laffterty.

Again, Denise, thank you for your help in this very trying time. I was also in deep prayer this morning with my prayer partner. So I know something must happen.

Thanks so much for helping me tremendously.
Racquel ; )

racquel.bovier@faculty.ashford.edu
(602) 399-7819 (office line)

**From:** Donovan, Judy
**Sent:** Tuesday, October 11, 2016 6:28 PM
**To:** Racquel Bovier; Maxwell, Denise
**Cc:** Belcher, Alan; Judy Donovan
**Subject:** feedback Bovier Oct 11

Hi Racquel - hope you are doing well! Please read my observation notes below, and reply to this email to let me know you received it. Also please let me know if you have any questions or concerns or how I can help you. Judy

## Communication #3 October 9-11 observations

Week one feedback – course week Sept 27 – Oct 3

Racquel Bovier

Post Your Introduction

While you did respond to most students in Post your Introduction, you missed both Katherine and Neisha who posted on the first day of class (9/27). In addition, you did not return to the forum after your one and only visit on 9/27 to reply to the five students who responded to you. This is such an important opportunity to begin to build positive relationships with your students, and you left them hanging. In addition, Ashford REQUIRES you to respond to every student in this forum so you are not fulfilling your instructor duties.

Discussion
Good job grading discussions by Friday October 7 (although you are required to grade all discussion forums by Thursday so you were one day late). You copied and pasted the rubric into the comment box – this is not necessary as students see the completed rubric in the comment box (look in the gradebook to see what students view).

You also copied and pasted a canned response to all in the comment box and this was obvious as the font was different than the name greeting, and you did not modify the rubric for Ashley who did not earn all the points. So the rubric you copied and pasted for Ashley was different than the grading rubric and was contradictory and inaccurate.

***Assignment grading (due Sunday October 8)***
***No grades were posted by October 11.***
***This announcement was posted: but no feedback was located.***

**Congratulations on completing Week One of EDU620: Meeting Individual Student Needs With Technology**

Feedback for Week 1 is now posted in the Waypoint grading system and under your course electronic Gradebook. Waypoint is a grading system used at Ashford University for some of our courses. Please note, for the course, you will not receive points or a letter grade for assignments. You will receive feedback within Waypoint sharing insights, reflections and feedback for you based on the Ashford Faculty Course Requirements and this week's assignments. You may be asked to revise particular assignments. Revisions are requested to help you fully meet the requirements of each assignment. ***For this item, please note, I experienced extreme difficulty and challenges accessing GoogleDocs, so will ask that you please provide an accessible link or refrain from use at this time, as there are a couple of assignments being scored today (hopefully) as I am still attempting to open. If this applies to you, please post the link directly so that your item can be scored successfully. Please remember this very critical item for future assignments as it is noted that you MUST provide me with a proper link for access.***

***You may now locate the full Week 1 Feedback in your Gradebook and Waypoint system.***

Kind and Special Thanks for your course commitment, and by all means, please let me know if you have any course needs for guidance or support, as I am here to help!
Dr. Bovier ; )

Ashford Instructor Responsibilities
2.02. Respond to questions and comments in the Ask Your Instructor forum and to student email messages within forty eight hours.
2.03. Posts written assignment grades and feedback in the Gradebook no later than 6 days following the end of the week (11:59 pm on Sunday); Post Discussion Forum grades in the Gradebook no later than 72 hours following the end of the week (Thursday at 11:59 pm).
2.04. Instructors must respond to 100% of initial student posts in the "Post Your Introduction" discussion forumbefore the end of the first learning week.

***Week two Discussion Oct 4-10***
***Racquel you only replied to four students within the week - need to respond to a minimum of six students in each discussion forum. You replied to an additional two after the week was over on October 11.***
***At least two replies are identical copied and pasted replies.***
Judy
Judy Donovan, Ed.D. / Professor
Program Chair Bachelor of Arts Library Science and Media
COLLEGE OF EDUCATION
Ashford University / *Technology Changes Everything*™

**Plaintiff's Exhibit 5**

**From:** Dr. Racquel Bovier <drracquelbovier@live.com>
**Sent:** Wednesday, April 26, 2017 12:51 PM
**To:**
**Subject:** Re: CONFIDENTIAL: Final Shapshots for Today: Confidential Prescriptive Med Shots (Evidence of Filled and Taken by Pharmacy)

Hi ---,

Sorry so exhaustive, but here is the final blow of pictures taken in evidence that I was prescribed these meds due to this case, as noted.
Left to right, they are all controlled substance types as follows:

- Pristique: Could no longer afford, without insurance at cost of over $300 per 30 day supply antidepressant with huge side effects.
- Chlordiazapoxide: I am still on and can afford the generic out of pocket at only about $23 per 30 day supply as a calming anxiety pill. Doctor still monitoring
- Clonidine: Blood pulse acute-type control pill to avoid high blood pressure. I take this also with Triamertine as a water pill that counteracts to relieve body pressure.
- All of these have noted side effects for 'brain zaps' or seizures, dizziness, impaired driving, and other minor and major effects.

My primary care physician's name is Dr. Asim Ali of Missouri Baptist Medical Center and Chief ER Surgeon with St. Anthony's Hospital and can provide released records upon request. He knows all about my losing my job and what Ashford was doing to me. I also have record of a missed therapy appt while at my worse, as I could not get out of bed for it, nor could afford it.

Dr. Ali is seeing me at a reduced rate after years under health care checkups.

***Epiphany OnePointe Teletherapy & Associates, LLC*** ©
Dr. Racquel Bovier, CEO
drracquelbovier@live.com
(314) 249-9697 (Direct Line)
https://www.linkedin.com/in/dr-racquel-bovier-4837b563

Download Full screen Show email







RACQUEL S
TABLET
TAKE 1
MOUTH
Store Phone: (314)
Rx # 297146
RACQUEL S
25 MG CAPSULE
TAKE ONE CAPSULE
TWICE A DAY AS
Store Phone: (314)
Rx # C297175
RACQUEL S
PRISTIQ ER 50 MG
TABLET
TAKE 1 TABLET
Store Phone: (314)
Rx # 233177

# MEDICAL INQUIRY FORM IN RESPONSE TO AN ACCOMMODATION REQUEST

Employee: Dr. Racquel Bovier    Date: 5/2/2017
Department: CDS (College of Doctoral Studies)    Supervisor: Dr. Wayne Schmidt

## A. Questions to help determine whether an employee has a disability.

For reasonable accommodation under the ADA, an employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such an impairment. The following questions may help determine whether an employee has a disability:

| | | |
|---|---|---|
| Does the employee have a physical or mental impairment? | Yes ☒ | No ☐ |
| If *yes*, what is the impairment? Generalized Anxiety Disorder | | |
| Is the impairment long-term or permanent? | Yes ☒ | No ☐ |
| If *not* permanent, how long will the impairment likely last? | | |

Answer the following questions based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, the use of assistive technology, reasonable accommodations or auxiliary aids or services, prosthetics, and learned behavioral or adaptive neurological modifications. Mitigating measures do not include ordinary eyeglasses or contact lenses.

| | | |
|---|---|---|
| Does the impairment substantially limit a major life activity? *Note: Does not need to significantly or severely restrict to meet this standard.* In last few months. She has activity has decreased | Yes ☒ | No ☐ |

If *yes*, what major life activity(s) is/are affected?

- ☒ Caring For Self
- ☒ Interacting With Others
- ☐ Performing Manual Tasks
- ☐ Breathing
- ☐ Working
- ☐ Walking
- ☐ Standing
- ☐ Reaching
- ☐ Thinking
- ☐ Toileting
- ☐ Hearing
- ☐ Seeing
- ☐ Speaking
- ☐ Learning
- ☐ Sitting
- ☐ Lifting
- ☐ Sleeping
- ☐ Concentrating
- ☐ Reproduction
- ☐ Other: (describe)

Forgetfulness

| | | |
|---|---|---|
| Does the impairment substantially limit the operation of a major bodily function? *Note: Does not need to significantly or severely restrict to meet this standard.* | Yes ☐ | No ☒ |

If yes, what bodily function is affected?

- ☐ Immune
- ☐ Normal Cell Growth
- ☐ Digestive
- ☐ Bowel
- ☐ Bladder
- ☐ Genitourinary
- ☐ Hemic
- ☐ Special Sense Organs and Skin
- ☐ Lymphatic
- ☐ Neurological
- ☐ Brain
- ☐ Respiratory
- ☐ Circulatory
- ☐ Endocrine
- ☐ Reproductive
- ☐ Musculoskeletal
- ☐ Special Sense
- ☐ Cardiovascular
- ☐ Other: (describe)

**B. Questions to help determine whether an accommodation is needed.**

What limitation(s) is interfering with job performance?

Panic Attack

What job function(s) is the employee having trouble performing because of the limitation(s)?

She Can not Concentrate on the task.

How does the employee's limitation(s) interfere with his/her ability to perform the job function(s)?

She get Panic disorder with [illegible] gathering

**C. Questions to help determine effective accommodation options.**

Do you have any suggestions regarding possible accommodations to improve job performance?

If so, what are they?

How would your suggestions improve the employee's job performance?

**D. Comments.**

She will be evaluated c̄ Psychiatrist

If she is mentally busy with work, she does better.

Physician's Name: (Please print) Asim Ali. MD. Date: 5/2/2017

Physician's Signature: [signature]

Practice Type: ______

Address: ______

Telephone: ______

SAINT LOUIS MEDICAL CLINIC

www.stlmedclinic.com

Asim M. Ali, M.D.
Internal Medicine

Fax completed form to 602.589-2410

3009 North Ballas Rd.
Suite 100-B
St. Louis, MO 63131

Hours by Appointment
Tel: (314) 983-4017
Fax: (314) 432-3629

**B. Questions to help determine whether an accommodation is needed.**

What limitation(s) is interfering with job performance?

Panic Attack

What job function(s) is the employee having trouble performing because of the limitation(s)?

She can not concentrate on the task.

How does the employee's limitation(s) interfere with his/her ability to perform the job function(s)?

She get Panic disorder with [illegible] gathering

**C. Questions to help determine effective accommodation options.**

Do you have any suggestions regarding possible accommodations to improve job performance?

If so, what are they?

How would your suggestions improve the employee's job performance?

**D. Comments.**

She will be evaluated c̄ Psychiatrist

If she is mentally busy with work, she does better.

Physician's Name: (Please print) [illegible] MD. Date: 5/2/2017

Physician's Signature: [signature]

Practice Type: ______

Address: ______

Telephone: ______ Fax: ______

Fax completed form to 602.589-2410 or email it to HR@gcu.edu

**Plaintiff's Exhibit 8**

**From:** Racquel Bovier <drracquelbovier@live.com>
**Sent:** Friday, October 28, 2016 7:05 PM
**To:** armando.dominguez@bpiedu.com
**Subject:** Fw: Bovier File 6 (Rescinding Position/Contradictory Notice from prior.)

Here is the contradictory note from statement made by Dr. Maxwell on June 22, 2016, which you have in one of the files sent:

"I did reach out to our COE scheduler and increased your course level approval, so you will be receiving more teaching opportunities with Ashford. This should start to generate two classes at a time for you to be teaching. <u>This was also based on your strong performance in ECE courses which is a compliment to your dedication and nice work with your teaching already demonstrated here at Ashford."</u> Note from Denise Maxwell on 6/22/2016

(Please now see below. . . )

**From:** Maxwell, Denise <Denise.Maxwell@ashford.edu>
**Sent:** Wednesday, August 31, 2016 6:42 PM
**To:** Racquel Bovier
**Subject:** RE: Important Item. . . Special Thanks. (Please See.)

At this time, the fulltime position in MAED is seeking experience in the applicants to align with existing projects that are at a priority level in this department. Your background and various experiences are not a match for the specific needs of this position at this time. You will continue to receive teaching assignments in your Associate Faculty role. You will have an opportunity to fully engage in the IQR process and the one-on-one review conference again in 2017, as you continue to focus on outstanding teaching in each of your courses.

**Denise Maxwell, Ed.D.** / Associate Dean, College of Education
Ashford University / *Technology Changes Everything*TM
///////////////////////////////////////////////////////////////////////
**P** / 800.798.0584 **X** / 21607 **F** / 877.867.7689 **C** / 720.397.9570
JOIN THE CONVERSATION: <u>ashford.edu/social</u>

Ashford University Social Media

ashford.edu

Ashford University's social media hub provides