UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RACQUEL S. BOVIER, c/o EPIPHANY ONEPOINTE TELETHERAPY & ASSOC., LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPOINT EDUCATION/ASHFORD UNIVERSITY, BRIDGEPOINT UNIVERSITY GOVERNING BOARD OF REGENTS, DR. CRAIG MAXWELL, DR. ANTHONY "TONY" FARRELL, DR. DENISE MAXWELL, MR. JOHN GOODISON, DR. IRIS LAFFERTY, DR. TAMECCA FITZPATRICK, DR. JUDY DONOVAN, DR. JACKIE KYGER, MS. HEATHER MASON, DR. ALAN BELCHER, MR. ARMONDO DOMINGUEZ & ASSOC.,<br><br>Defendants. | Case No.: 3:17-cv-01052-GPC-JMA<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING IN PART PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii);**<br><br>**(3) GRANTING PLAINTIFF LEAVE TO AMEND HER COMPLAINT WITHIN 21 DAYS OF ENTRY OF THIS ORDER;**<br><br>**AND**<br><br>**(4) DIRECTING PLAINTIFF TO PAY THE FILING FEE ON OR BY JUNE 28, 2017**<br><br>**[ECF No. 2.]** |

1

On May 23, 2017, Plaintiff Dr. Racquel S. Bovier ("Plaintiff"), proceeding *pro se*, filed a Complaint against Bridgepoint Education c/o Ashford University, Bridgepoint Education University, Dr. Craig Maxwell, Dr. Anthony "Tony" Farrell, Dr. Denise Maxwell, Mr. John Goodison, Dr. Iris Lafferty, Dr. Tamecca Fitzpatrick, Dr. Judy Donovan, Dr. Jackie Kyger, Dr. Alan Belcher, Ms. Heather Mason, and Mr. Armondo Dominguez & Associates (collectively, "Defendants").[1] (Dkt. No. 1.)[2] Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis*, **DISMISSES IN PART** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **GRANTS** Plaintiff leave to amend her Complaint **within twenty-one (21) days of entry of this Order**. Plaintiff **must pay the filing fee on or by June 28, 2017** to proceed with her lawsuit.

## DISCUSSION

### I. Motion for Leave to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[3] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete

---

[1] Without any explanation or authority, Plaintiff requests that the Court seal the instant case. (Dkt. No. 1 at 1.) The Court declines to do so.

[2] Plaintiff mistakenly conflates the United States District Court with the San Diego Superior Court. (Dkt. No. 1 at 1.)

[3] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). IFP status may be acquired and lost during the course of litigation. *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S–06–0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (internal citation omitted).

Here, Plaintiff has supplied an affidavit in support of her application to proceed *in forma pauperis*. (Dkt. No. 2.) Plaintiff declares that her average monthly income amount during the past twelve months totaled to approximately $6599. (*Id.* at 2.) Plaintiff estimates that her income amount expected next month totals to approximately $1759. (*Id.*) She is presently employed by Grand Canyon University and receives $1500 in gross monthly pay. (*Id.*) Plaintiff has $2000 in a savings account and $2100 in a checking account. As for assets, Plaintiff owns a $219,000 home, a $4000 BMW, a $12,900 Mercedes Benz, a $29,000 Alfa Romeo, and a $25,000 engagement ring. (*Id.* at 3.) Plaintiff declares that her monthly expenses total $5404.52. (*Id.* at 5.)

In light of Plaintiff's monthly income, assets, and savings and checking accounts, the Court concludes that Plaintiff can afford the $400 filing fee. Accordingly, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis*.

**II.** *Sua Sponte* **Screening**

A complaint filed by any person proceeding IFP, pursuant to 28 U.S.C. § 1915(a), is additionally subject to mandatory *sua sponte* screening. the Court must review complaints filed by all persons proceeding IFP and must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §

1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the Plaintiff is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the Plaintiff the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff's Complaint barely passes muster. Although unclear, Plaintiff appears to allege that between June and November 2016, Defendants breached various

employment agreements,[4] (Dkt. No. 1 at 5–6), "fail[ed] to acknowledge" Plaintiff's disability accommodations, (*id.* at 5), and wrongfully terminated her in retaliation for her obtaining right to sue letters from the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"), (*id.* at 1, 5, 10–11).

Out of an abundance of caution, the Court declines to dismiss Plaintiff's contract claims, given Plaintiff's allegations regarding employment agreements that Defendants breached.[5] (*See, e.g.*, Dkt. No. 1 at 5–6, 9–11.) However, as currently pled, Plaintiff's retaliation claims fail under either Title I of the Americans with Disabilities Act ("ADA") or Title VII. "To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). Similarly, under Title VII, "[t]o make out a prima facie case of retaliation, [plaintiff] must establish that [s]he undertook a protected activity under Title VII, h[er] employer subjected h[er] to an adverse employment action, and there is a causal link between those two events." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003), *as amended* (Jan. 2, 2004). Here, Plaintiff has not shown that she engaged in a protected activity that caused the adverse employment action. While she states that Defendants' wrongful conduct occurred between June 21, 2016 and November 30, 2016, Plaintiff's right to sue letter from the EEOC is dated March 22, 2017, (Dkt. No. 1 at 15), and Plaintiff's DFEH written notice indicates that Plaintiff filed a complaint with both the DFEH and EEOC on March 2, 2017, (*id.* at 16). Given that Plaintiff filed a complaint with the DFEH and EEOC and received right to sue letters *after* the alleged wrongful conduct occurred, Plaintiff has not

---

[4] Plaintiff brings the instant contract claims under specific subsections of the Uniform Commercial Code ("U.C.C."). (Dkt. No. 1 at 6.) The U.C.C. is not a source of federal law, as contract claims are governed by state law.

[5] Diversity jurisdiction appears to be proper at this juncture, given that the amount in controversy exceeds $75,000, and that complete diversity seems to exist.

alleged that her engagement in protected activity caused any adverse employment actions.

Finally, while Plaintiff obtained a right to sue letter from the EEOC, Plaintiff has not alleged facts underlying a failure to accommodate claim under the ADA. Plaintiff makes passing reference to Defendants' "failure to acknowledge the Disability Accommodations" despite awareness of her disabilities, (Dkt. No. 1 at 5), and includes a medical form stating that Plaintiff has generalized anxiety disorder, (*id.* at 30). "To establish a prima facie case for failure to accommodate under the ADA, [plaintiff] must show that '(1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability.'" *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (quoting *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir.2003)). Beyond conclusory allegations that Defendants failed to accommodate her disability under the ADA, Plaintiff has not alleged sufficient factual allegations, such as what reasonable accommodations she was entitled to, or how Defendants failed to provide such reasonable accommodations.

Accordingly, the Court **DISMISSES IN PART** Plaintiff's Complaint. Specifically, the Court dismisses Plaintiff's retaliation claims, whether they are brought under Title VII or the ADA, and dismisses Plaintiff's failure to accommodate claim under the ADA. If Plaintiff elects to file an Amended Complaint, she should supply well-pleaded factual allegations to state prima facie retaliation and failure to accommodate claims.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis*. Plaintiff **must pay the filing fee on or by June 28, 2017** to proceed with her lawsuit. The Court **DISMISSES IN PART** Plaintiff's Complaint and **GRANTS** Plaintiff leave to amend her Complaint **within twenty-one (21) days of entry**

**of this Order**. Plaintiff may file an Amended Complaint which cures all of the deficiencies of pleading described in this Order. If Plaintiff elects to file an Amended Complaint, it must be complete by itself without reference to the original pleading. *See* S.D. CAL. CIV. LR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff is directed to take note that failure to pay the requisite filing fee by the Court's deadline may result in dismissal of her lawsuit for failure to prosecute. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: June 7, 2017

Hon. Gonzalo P. Curiel
United States District Judge