UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RACQUEL S. BOVIER, c/o EPIPHANY ONEPOINTE TELETHERAPY & ASSOC., LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPOINT EDUCATION/ASHFORD UNIVERSITY, BRIDGEPOINT UNIVERSITY GOVERNING BOARD OF REGENTS, DR. CRAIG MAXWELL, DR. ANTHONY "TONY" FARRELL, DR. DENISE MAXWELL, MR. JOHN GOODISON, DR. IRIS LAFFERTY, DR. TAMECCA FITZPATRICK, DR. JUDY DONOVAN, DR. JACKIE KYGER, MS. HEATHER MASON, DR. ALAN BELCHER, MR. ARMONDO DOMINGUEZ & ASSOC.,<br><br>Defendants. | Case No.: 3:17-cv-01052-GPC-JMA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[ECF No 19.]** |

Before the Court is Plaintiff's "Request for Appointment of Counsel Under the Civil Rights Act of 1964, 42 U.S.C. 2000e 5(f)(1): Declaration in Support of Request." Dkt No. 19. The Court will construe this request as a motion to appoint counsel. Plaintiff states that she is requesting counsel because (1) her claim is meritorious; (2) she has made a "reasonably diligent effort to obtain counsel"; and (3) she is unable to find an attorney willing to represent her on terms she can afford. Dkt. No. 19 at 1.

Plaintiff seeks the appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1). Although this statute authorizes district courts to appoint counsel "in such circumstances as the court may deem just," the courts are "not obligated to appoint counsel in every employment discrimination case." *Johnson v. U.S. Department of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). This determination is "left to the sound discretion of the district court." *Id.* "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). The Court evaluates the plaintiff's financial resources, plaintiff's efforts to obtain counsel, and the merits of the plaintiff's claims. *Bradshaw v. Zoological Soc. Of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

The Court previously denied Plaintiff's motion to proceed *in forma pauperis*. Dkt. No. 3. Subsequently, plaintiff paid the filing fee of $400. Plaintiff appears to continue to have at least some financial resources. *See* Dkt No. 19 at 6 (listing property). Accordingly, plaintiff's financial resources weigh against the appointment of counsel. Further, with regard to plaintiff's efforts to obtain counsel, the Court finds that plaintiff's efforts are insufficient. Plaintiff has spoken to only three attorneys. This is insufficient and weighs against appointment of counsel. *See Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *3 (D. Haw. Dec. 30, 2014) (reasoning plaintiffs' attempts to obtain counsel were insufficient where the plaintiff contacted seven attorneys); *see also Turner v. Dep't of Educ.*, 2010 WL 6571413, at *2 (D. Haw. Dec. 13, 2010) (same). The merits of Bovier's case are not yet clear. *Cf. Howard v. Farmers Ins. Co.*, 2015 WL 1622981, at *2 (C.D. Cal. Apr. 10, 2015) ("While Plaintiff's likelihood of success on the

merits is hard to estimate at this stage, if he is likely to succeed, that suggests . . . that he could probably find a private attorney to take the case for him.").

Finally, the documents filed in this case indicate that Plaintiff is able to adequately articulate and pursue her claims. For example, Plaintiff has submitted numerous pleadings and motions without the assistance of counsel. *See, e.g.*, Dkt No. 1, 2, 5, 10, 14. Further, the claims presented are not overly complex. As noted above, the appointment of counsel in employment discrimination cases is discretionary and there is no constitutional right to counsel in a civil case.

Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 11, 2017

Hon. Gonzalo P. Curiel
United States District Judge