UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RACQUEL S. BOVIER, c/o EPIPHANY ONEPOINTE TELETHERAPY & ASSOC., LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPOINT EDUCATION/ASHFORD UNIVERSITY, BRIDGEPOINT UNIVERSITY GOVERNING BOARD OF REGENTS, DR. CRAIG MAXWELL, DR. ANTHONY "TONY" FARRELL, DR. DENISE MAXWELL, MR. JOHN GOODISON, DR. IRIS LAFFERTY, DR. TAMECCA FITZPATRICK, DR. JUDY DONOVAN, DR. JACKIE KYGER, MS. HEATHER MASON, DR. ALAN BELCHER, MR. ARMONDO DOMINGUEZ & ASSOC.,<br><br>Defendants. | Case No.: 3:17-cv-01052-GPC-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF SUMMONS**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**[ECF Nos. 7, 14.]** |

Before the Court are: (1) Defendants' Motion to Quash Service of Summons and (2) Plaintiff's Motion for Default Judgment. On August 24, 2017, Defendants Bridgepoint Education, Inc., Anthony Farrell, Denise Maxwell, Iris Lafferty, Tamecca Fitzpatrick, Judy Donovan, Jackie Kyger, Heather Mason, Alan Belcher, and Armando Dominguez (collectively "Defendants") filed a Motion to Quash Service of Summons and First Amended Complaint. Dkt. No. 7. On September 11, 2017, Plaintiff Dr. Racquel S. Bovier ("Plaintiff"), filed a "Motion for Default Judgment to Proceed for Full Relief in Lieu of Forteiture [sic] for Failure to Timely Reply Original Complaint," which the Court construed as a Response to Defendants' Motion to Quash. Dkt. Nos. 9-10. On September 21, 2017, Plaintiff filed a "Court Response Memo: Notice of Opposition & Rejection to Defendant's Quash With Request of Dismissal of Hearing With Enclosed Formal Motion to Vacate Quash," which the Court construed as a supplemental opposition to Defendants' Motion to Quash. Dkt Nos. 11-12. Finally, Plaintiff further filed a "Motion for Default Judgment to Proceed for Full Relief in Lieu of Forteiture [sic] for Failure to Timely Reply Original Complaint" which the Court construed as a Motion for Default Judgment. Dkt Nos. 13-14. On October 4, 2017, Defendants filed a reply to the motion to quash that also serves as their opposition to the motion for default judgment. Dkt. No. 17.

Having reviewed the moving papers, and the applicable law, the Court will **GRANT** Defendants' Motion to Quash for Service of Summons and **DENY** Plaintiff's Motion for Default Judgment. Further, the Court hereby **VACATES** the hearing scheduled for this matter on November 9, 2017 at 1:30 PM.

### I. Motion to Quash for Service of Summons

A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." *See* Fed. R. Civ. Pro. 12(b)(5). This serves to challenge the validity of the actual method or manner of service of process. Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has

failed to satisfy the requirements for proper service. *See O'Brien v. R.J. O'Brien & Assocs.,* 998 F.2d 1394, 1400 (7th Cir.1993).

Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir.1981); *see Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004). While a district court should indeed give the service requirements of Rule 4 a liberal and flexible construction, a district court also has broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service. *See Duran v. Macias-Price*, No. 07-cv-01209-AWI-SMS, 2007 WL 4554390, at *1 (E.D. Cal. Dec. 20, 2007); *Jones v. Automobile Club of Southern California,* 26 Fed. App'x. 740, 742 n.7 (9th Cir. 2002).

Federal Rule of Civil Procedure 4(e) applies with regard to the defendants in this case. Rule 4(e) states in relevant part that service may be effected (1) "pursuant to the law of the state in which the district court is located . . .;" or (2) by delivering a copy of the summons and of the complaint to the individual personally. California law, the law of the state in which this Court sits, allows a plaintiff to serve a defendant by, among other means, mailing a copy of the summons and complaint "together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Code Civ. P. § 415.30.

Defendants argue that Plaintiff did not serve them through means permitted by federal law (personal or substitute service)[1] or through California law (service by mail). Here, Plaintiff served Defendants by overnight mail. Murillo Decl. ¶¶ 3,5. Defendants

---

[1] Plaintiff asserts that Bridgepoint made legal process "illegally challenging" by disallowing service by "manual process service" of summons because Bridgepoint's employed corporate security allegedly would not accept service. Dkt No. 14 at 3. Defendants assert that there is no evidence that Plaintiff's process server ever attempted personal service on Defendants at the Bridgepoint office. *See* Rico Decl., ¶ 3. As Plaintiff has presented no evidence that she attempted personal service, the Court will deny Plaintiff's request to accept Plaintiff's deficient service of process on this basis.

contend that Plaintiff failed to comply with the rules of California Code of Civil Procedure Section 415.30 by omitting a copy of the summons and complaint *with* two copies of the notice and acknowledgment form and a return envelope. *See* Murillo Decl. ¶ 6. Nothing in plaintiff's oppositions or motion for default judgment demonstrates compliance with the state statute. For example, Plaintiff appears to assert that a "certifying acceptance official, W. Felton" signed postal return receipts. Dkt. No. 10 at 3. A postal return receipt is not a substitute for an executed acknowledgment of return of summons. *Shaw v. Specialized Loan Servicing,* LLC, No. CV14-00783MMMMRWx, 2014 WL 12587033, at*2 (C.D. Cal. May 16, 2014). Accordingly, the Court will quash Plaintiff's service of summons for failure to strictly comply with the notice and acknowledgment and return envelope requirements of Section 415.30. *See Duran*, 2007 WL 4554390, at *1. The Court will afford Plaintiff another opportunity to serve defendants correctly.

Defendants further contend that service was insufficient because Plaintiff did not serve a copy of the summons and first amended complaint on an appropriate individual on behalf of the corporation pursuant to Section 416.10 of the California Code of Civil Procedure. Under California law, when service is made on a corporation, the documents must be delivered to the person designated as the agent for service of process or the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Section 415.30 requires that the documents be mailed to the "person to be served." Cal Civ. Proc Code § 415.30(a). California courts have stated in reference to analogous provisions that "person to be served" are words of precision. *See Ramos v. Homeward Residential, Inc.*, 223 Cal. App. 4th 1434, 1442 (2002). Where a summons fails to identify the individual to be served, service is defective. *Id.* The Court concludes that Defendants' service was also deficient because: (1) the individual defendants do not appear to be authorized by statute or by Bridgepoint Education to accept service of

process; (2) the individual Defendants' roles do not qualify them to accept service of process under section 416.10. *See* Murrillo Decl. ¶¶ 7, 8.

Accordingly, the Court will **GRANT** Defendants' Motion to Quash. Plaintiff is directed to re-serve Defendants and in particular should heed the statutory guidelines requiring (1) two copies of the notice and acknowledgment form and a prepaid envelope pursuant to California Code of Civil Procedure Section 415.30 and (2) service to an appropriate individual at Bridgepoint Education pursuant to California Code of Civil Procedure Section 416.10.

## II. Motion for Default Judgment

Plaintiff requests that the Court enter default judgment and impose sanctions against Defendants for an alleged untimely response.[2] Dkt. No. 14. Under Federal Rule of Civil Procedure 55 before the court may enter default judgment, the clerk must first enter a default against Defendants. An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Here, no entry of default has been entered, nor is an entry of default warranted because Defendants have timely defended their case. Under Rule 12, a defendant must serve an answer "within 21 days of being served with a summons and complaint" or may file a motion under Rule 12(b) in lieu of an Answer. Defendants received the first amended complaint and summons on August 3, 2017, and accordingly—assuming they had been properly served—had until August 24, 2017 to file a responsive answer or Rule 12(b) motion. *See* Murrilo Decl. ¶ 3. Defendants filed their motion to quash on August 24, 2017, thereby timely responding to Plaintiff's summons. Dkt No. 7.

---

[2] Plaintiff appears to rely on the Civil Local Rules of the United States District Court for the Central District of California to make her request. As this Court is located in the Southern District, the Civil Local Rules of the Southern District of California govern. Furthermore, the operative issue–-a motion for default judgment–-is governed by Federal Rule of Civil Procedure Rule 55.

Plaintiff further argues based on Central District Local Rule 7-13 that Defendants be sanctioned for their late filing. Dkt No. 14 at 3. Because there is no late filing, there is accordingly no basis for any sanctions under any rule.[3]

Accordingly, the Court **DENIES** Plaintiff's Motion for Default Judgment and **DENIES** Plaintiff's request for sanctions.

# CONCLUSION

For the reasons set forth above, the Court will **GRANT** Defendants' Motion to Quash Service of Summons. Plaintiff is directed to properly serve Defendants within 30 days after this order is docketed. Plaintiff is directed to take note that failure to properly serve the Defendants by the Court's deadline may result in dismissal of her lawsuit for failure to prosecute. *See* Fed. R. Civ. P. 4(m). Further, the Court will **DENY** Plaintiff's Motion for Default Judgment. The Court hereby **VACATES** the hearing scheduled for this matter on November 9, 2017 at 1:30 PM.

**IT IS SO ORDERED.**

Dated: October 30, 2017

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] The Court also **DENIES** Plaintiff's request for a Court-Ordered mediation conference as Defendants have not yet been properly served with a summons and first amended complaint.