UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RACQUEL S. BOVIER, c/o EPIPHANY ONEPOINTE TELETHERAPY & ASSOC., LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPOINT EDUCATION/ASHFORD UNIVERSITY, BRIDGEPOINT UNIVERSITY GOVERNING BOARD OF REGENTS, DR. CRAIG MAXWELL, DR. ANTHONY "TONY" FARRELL, DR. DENISE MAXWELL, MR. JOHN GOODISON, DR. IRIS LAFFERTY, DR. TAMECCA FITZPATRICK, DR. JUDY DONOVAN, DR. JACKIE KYGER, MS. HEATHER MASON, DR. ALAN BELCHER, MR. ARMONDO DOMINGUEZ & ASSOC.,<br><br>Defendants. | Case No.: 3:17-cv-01052-GPC-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF Nos. 35.]** |

Before the Court is Defendants Bridgepoint Education, Inc. ("Bridgepoint") and Anthony Farrell, Denise Maxwell, Iris Lafferty, Tamecca Fitzpatrick, Judy Donovan, Jackie Kyger, Heather Mason, Alan Belcher, John Goodison, and Armando Dominguez (the "Individual Defendants") Motion to Dismiss Plaintiff's First Amended Complaint, or Alternatively Quash Service of Summons and the First Amended Complaint. Dkt. No. 35. Plaintiff did not respond to Defendants' Motion pursuant to the briefing schedule issued in this Court on January 2, 2018. *See* Dkt. No. 36 (requiring response by January 19, 2018).

On October 30, 2017, the Court previously granted Defendants' Motion to Quash Service of Summons. Dkt. No. 21. The Court allowed Plaintiff to properly re-serve Defendants "within 30 days" of the docketing of the order. *Id.* at 6.

Defendants move to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(5) on two grounds: (1) Untimely Service of Process and (2) Insufficient Service of Process. Mot. at 4.

### 1. Untimely Service of Process

This Court previously directed Plaintiff to properly serve Defendants within 30 days of the docketing of its October 30, 2017 order. Accordingly, Plaintiff had until Wednesday, November 29, 2017 to re-serve Defendants. Plaintiff's process server did not serve Defendants until December 1, 2017, two days after the court-imposed deadline. Grindle Decl. ¶ 3. Under Federal Rule of Procedure 4(m), the Court has discretion, "absent a showing of good cause," to "extend the time for service or to dismiss the action without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). Because plaintiff has not responded to Defendant's motion, the Court cannot find that good cause exists to extend the time for service. Accordingly, the Court will **GRANT** Defendant's motion to dismiss the action without prejudice.

### 2. Insufficient Service of Process

Where a defendant challenges service of process, the Plaintiff bears the burden of establishing the validity of service of process. *Brockmeyer v. May*, 383 F.3d 798, 801

2

3:17-cv-01052-GPC-JMA

(9th Cir. 2004). The Court has discretion to dismiss the action for failure to effect service or quash the defective service and permit re-service. *Jones v. Auto Club of S. Cal*, 26 F. App'x 740, 742 (9th Cir. 2002).

Plaintiff has failed to effect adequate personal service on Defendant Bridgepoint. Specifically, Plaintiff's process server served Christine Grindle, a corporate paralegal at Defendant Bridgepoint Education. Grindle Decl. ¶ 3. Ms. Grindle is neither an officer, managing agent, or general agent of Bridgepoint, nor is she authorized by appointment or by law to receive service of process for Bridgepoint. *See* Grindle Decl. ¶ 6; Fed. R. Civ. P. 4(h)(1)(B) (service may be received by "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Further, Ms. Grindle did not engage in actions such that the process server could have presumed her authority to accept service. *See* Grindle Decl. ¶ 7 ("I did not tell the process server I had authority to accept service of process on behalf of any of the Defendants named in this matter.").

Plaintiff has further failed to effect service under Rule 4(h)(1)(A) which allows for service "following state law for serving a summons." Service to Ms. Grindle, a paralegal, does not meet the requirement that personal service be made on the "President, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b). She has further failed to accomplish "substitute service" by failing to (1) show that Ms. Grindle was "in charge" of the office; and (2) mail a copy of the summonses and first amended complaint to Bridgepoint. *See* Cal. Civ. P. Code. § 415.20(a).

Further, Plaintiff failed to effect service on the individual Defendants under Rule 4(e)(2) because the process server delivered the complaints solely to Ms. Grindle, instead of the individual Defendants' dwellings or usual places of abode. Moreover, Plaintiff failed to effect service on the individual Defendants under Rule 4(e)(1) by failing to exercise "reasonable diligence" in attempting personal service before resorting to

substitute service at an individual's place of business pursuant to California Civ. Proc. Code § 415.20(b). *Rodriguez v. Man Min Cho*, 236 Cal. App. 4th 742, 751 (2015) ("A plaintiff may serve individual defendants through substitute service when they cannot be personally served with reasonable diligence.").

### 3. **Failure to Respond**

Finally, the Court observes that Plaintiff's failure to respond is an independent basis to grant Defendants' unopposed motion.[1] The Ninth Circuit has held a district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." As such, the Court has the option of granting Defendant's motion on the basis of Plaintiffs' failure to respond, and it chooses to do so. While recognizing that public policy favors disposition of cases on the merits, a "case cannot move forward toward resolution on the merits when the plaintiff[] fails to defend themselves against a Rule 12(b)(5) motion." Accordingly, the Court will also dismiss this case without prejudice based on the plaintiff's failure to respond under *Ghazali* and Local Civil Rule 7.1(f)(3)(c). *See Park v. Washington Mut. Bank*, No. 10 CV 1548 MMA AJB, 2010 WL 4235475, at *1 (S.D. Cal. Oct. 21, 2010)

## CONCLUSION

For the reasons set forth above, the Court will **GRANT** Defendants' Motion to Dismiss without prejudice. The Court hereby **VACATES** the hearing scheduled for this matter on March 2, 2018 at 1:30 PM.

---

[1] On February 2, 2018 at 1:46 PM, this Court received a phone call from Dr. Bovier, where she indicated that she would be filing a motion to seek leave to file a late response. This Court has not yet received any further filing or motion from Dr. Bovier.

1 **IT IS SO ORDERED.**

Dated: February 22, 2018

Hon. Gonzalo P. Curiel
United States District Judge