1
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  DR. RACQUEL S. BOVIER, c/o            Case No.:  3:17-cv-01052-GPC-JMA
    EPIPHANY ONEPOINTE
12  TELETHERAPY & ASSOC., LLC,           **ORDER:**

13                          Plaintiff,
                                         **(1) DISMISSING BRIDGEPOINT**
14  v.                                   **UNIVERSITY GOVERNING BOARD**
                                         **OF REGENTS AS A NON-EXISTENT**
15  BRIDGEPOINT                          **DEFENDANT AND**
    EDUCATION/ASHFORD                    **(2) DENYING PLAINTIFF'S**
16  UNIVERSITY, BRIDGEPOINT              **MOTION REQUEST FOR RELIEF**
    UNIVERSITY GOVERNING BOARD           **[DKT. NO. 41]**
17  OF REGENTS, DR. CRAIG MAXWELL,
    DR. ANTHONY "TONY" FARRELL,
18  DR. DENISE MAXWELL, MR. JOHN
    GOODISON, DR. IRIS LAFFERTY, DR.
19  TAMECCA FITZPATRICK, DR. JUDY
20  DONOVAN, DR. JACKIE KYGER, MS.
    HEATHER MASON, DR. ALAN
21  BELCHER, MR. ARMONDO
22  DOMINGUEZ & ASSOC.,

23
                            Defendants.
24

25

26

27

28

# I. DISMISSAL OF NON-EXISTENT DEFENDANT BRIDGEPOINT EDUCATION UNIVERSITY GOVERNING BOARD OF REGENTS

On February 22, 2018, this Court granted the Motion to Dismiss Plaintiff's First Amended Complaint as to Defendants Bridgepoint Education, Inc. ("Bridgepoint") and Anthony Farrell, Denise Maxwell, Iris Lafferty, Tamecca Fitzpatrick, Judy Donovan, Jackie Kyger, Heather Mason, Alan Belcher, John Goodison, and Armando Dominguez (the "Individual Defendants"). Dkt. No. 37. That same day, the Court ordered defendant's attorney to show cause as to why Defendant Bridgepoint Governing Board of Regents, a party listed in the First Amended Complaint and for which a summons returned executed is listed on the docket (Dkt. No. 34), had not yet filed a responsive pleading to Dr. Bovier's First Amended Complaint.

On March 1, 2018, Defendant Bridgepoint Education (represented by Attorney Jacqueline Seiter) filed a status report in response to the Court's Order. Seiter reported that Bridgepoint Education University Governing Board of Regents had not filed a responsive pleading because this entity does not exist. *See* Harvey Decl. ¶ 3. Neither Bridgepoint, nor Ashford University maintain a Board of Regents. *Id.* ¶ 4. No California business entity including Bridgepoint or Ashford appears to include the name "Board of Regents" in its name. Seiter Decl. ¶¶ 2-3.

Accordingly, the Court will **DISMISS** Defendant Bridgepoint Education University Governing Board of Regents as a non-existent entity. *See Mcguckin v. Smith*, 974 F.2d 1050, 1056-57 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) ("Although there does not appear to be an explicit basis either in the Federal Rules of Civil Procedure or in federal statutes for the dismissal of a 'nonexistent defendant' on that ground alone, it is likely that district courts have the authority to do so."); *Pippen v. Georgia-Pac.*, LLC, No. 1:07-CV-1565-BBM/AJB, 2008 WL 11336177, at *3 (N.D. Ga. May 21, 2008) (dismissing nonexistent entity as "an entity which does not exist is not amenable to suit"); *Orion*

*Const. Group, LLC v. Berkshire Wind Power, LLC*, No. 07-cv-10, 2007 WL 1118375 at * 6 (E.D. Wis. Apr. 13, 2007) (dismissing case against entity that does not exist).

## II. DEFENDANT'S MOTION FOR RELIEF

On February 28, 2018, the Court received a "Motion Request for Relief" from Plaintiff Racquel Bovier. Dkt. No. 41. In her request for relief, Ms. Bovier appears to acknowledge (citing Local Rule 7-12) that she failed to oppose Defendant's motion to dismiss/quash in a timely manner. Mot. ¶ 2.

Nevertheless, Ms. Bovier also appears to be bringing a motion for default judgment against Bridgepoint University Governing Board of Regents, the entity the Court dismisses above as a non-existent entity. Mot. ¶ 1. Plaintiff has requested several remedies including compensatory damages, punitive damages, and restitution. Mot. at 6. This motion fails for several reasons, including because the remaining defendant is a non-existent entity and because the clerk has not entered a default against Bridgepoint University Governing Board of Regents. *See* Fed. R. Civ. P. 55(a). Accordingly, the Court construes Plaintiff's Motion as a Motion for Default Judgment and **DENIES** the Motion.

## CONCLUSION

As all Defendants listed in the First Amended Complaint have now been dismissed, the First Amended Complaint is now dismissed in its entirety without prejudice. The Court directs the Clerk of Court to administratively close the case.

**IT IS SO ORDERED.**

Dated: March 2, 2018

Hon. Gonzalo P. Curiel
United States District Judge

3:17-cv-01052-GPC-JMA