UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RACQUEL S. BOVIER, c/o EPIPHANY ONEPOINTE TELETHERAPY & ASSOC., LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPOINT EDUCATION/ASHFORD UNIVERSITY, BRIDGEPOINT UNIVERSITY GOVERNING BOARD OF REGENTS, DR. CRAIG MAXWELL, DR. ANTHONY "TONY" FARRELL, DR. DENISE MAXWELL, MR. JOHN GOODISON, DR. IRIS LAFFERTY, DR. TAMECCA FITZPATRICK, DR. JUDY DONOVAN, DR. JACKIE KYGER, MS. HEATHER MASON, DR. ALAN BELCHER, MR. ARMONDO DOMINGUEZ & ASSOC.,<br><br>Defendants. | Case No.: 3:17-cv-01052-GPC-JMA<br><br>**ORDER**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO SEAL**<br>**AND**<br>**(2) DIRECTING PLAINTIFF TO FILE REDACTED VERSIONS OF DKT. NO. 1 AND 5**<br><br>**[DKT. NO. 44]** |

Before the Court is Plaintiff's "Motion: Request for Seal & Social Media Removal" filed on June 11, 2018. Dkt. No. 44.[1] The Court will construe Plaintiff's request as a belated motion to seal the Complaint (Dkt. No. 1) and the First Amended Complaint (Dkt. No. 5) (collectively, the "Complaints").[2] Having considered the moving papers, the Court will **GRANT IN PART and DENY IN PART** Plaintiff's request to seal the Complaint and First Amended Complaint and will **DIRECT** Plaintiff to submit redacted versions of Dkt. No. 1 (Complaint) and Dkt. No. 5 (First Amended Complaint) within **21 days** of the entry of this Order.

I.   MOTION TO SEAL

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Id.* at 1178-79.

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Kamakana*, 447 F.3d at 1178-80. However, for non-dispositive motions, the

---

[1] Plaintiff originally emailed her motion to the Court's e-file email address on June 11, 2018. Plaintiff is advised that the Court will not take notice of filings sent to the Court's email address, as they are not properly in the record before the Court. Plaintiff filed her motion on June 26, 2018. Dkt. No. 44.

[2] The Court notes that motions to seal are usually filed simultaneously with the filing of the document to be sealed.

parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c). *Id.* at 1180. The "compelling reasons" test requires showing more than just "good cause." *Id.* Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

Although the "Ninth Circuit has yet to specify whether a party seeking to seal a complaint . . . must meet the 'compelling reasons' or 'good cause' standard," *see Harrell v. Cal. Forensic Med. Grp., Inc.*, 2015 WL 1405567, *1 (E.D. Cal. Mar. 26, 2015), district courts generally conclude that the "compelling reasons" standard applies because the complaint initiates the civil action. *See, e.g., Baldwin v. U.S.*, 732 F. Supp. 2d 1142, 1145 (D.N. Mar. 1, 2010); *Robert Half Int'l v. Ainsworth*, 2015 WL 4394805, *3 n.2 (S.D. Cal. July 15, 2015); *In re NVIDIA Corp. Deriv. Litig.*, 2008 WL 1859067 (N.D. Cal. Apr. 23, 2008). Accordingly, and especially considering the public's interest in being able to access civil actions filed in the courts, the Court will apply the "compelling reasons" standard to the parties' requests to seal portions of the complaint. The Court will also apply the "compelling reasons" standard to Qualcomm's motions for injunction and related briefing as those submissions are "more than tangentially related to the underlying cause of action." *Ctrs. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

### A. Medical Privacy

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL 4715793, at * 1-2 (D. Haw. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D. Haw. June 25, 2010); *Wilkins v. Ahern*, 2010 WL 3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D. Ariz. May 4, 2009).

1    Here, Plaintiff asserts that she has suffered economic hardship due to the exposure
2    of her private medical history, photos of medications, and "documents of private regard."
3    Dkt. No. 44 at 1. Recognizing that the need to protect medical privacy is a "compelling
4    reason" for purposes of the *Kamakana* standard, the Court will accordingly **GRANT**
5    Plaintiff's request to seal any portions of the Complaints that are related to medical
6    documents.

   **B.    Publically Available Docketing Websites**

   Plaintiff requests that the Court seal all information on its docket and the corresponding information on publically available websites such as google.com, pacermonitor.com, justia.com, leagle.com, law360.com, etc. Here, the Court's possesses jurisdiction over its own docket, but does not possess any jurisdiction to issue any injunction against those websites as the Court only has jurisdiction over the parties who have appeared in the case. *See, e.g.*, *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *Bryant v. Romero*, No. 112CV02074DADGSAPC, 2016 WL 8732369, at *2 (E.D. Cal. Oct. 21, 2016) ("The Court only has jurisdiction in this case over the parties who have appeared in the case."). Accordingly, to the extent Plaintiff requests this Court issue an injunction against the various companies that provide public publication of the Court's docket, that request is **DENIED**. Plaintiff should be aware that one consequence of the filing of a public case is that the public will have access to the information presented in that case unless there are sufficient legal grounds to seal that information. The Court observes that Plaintiff, and not Defendant, is the party that presented the sealable information in this case and did not—until recently—file a motion to seal this information.

   **C.    Narrow Tailoring of Redactions**

   While the Court recognizes that medical privacy is a compelling reason to warrant sealing, the Court also recognizes that the presumptive public right of access addressed in

*Kamakana* requires redaction of only those portions of the Complaints which warrant sealing. The *Kamakana* rule requires that the parties "narrowly tailor[ ] their request to redact only the portions of the filings and the precise exhibits" that are deemed confidential. *See In Re Qualcomm Litigation*, No. 17-cv-108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal, Nov. 8, 2017). Accordingly, the Court will temporarily seal the complaint and first amended complaint and **DIRECT** that Plaintiff file redacted[3] versions of these documents that are "narrowly tailored" and redact only the portions of the filings and the precise exhibits that present confidential medical information.

To the extent Plaintiff requests sealing of "documents of private regard," that request is **DENIED**. Plaintiff's redactions should address only information related to medical records and medical information.

## CONCLUSION

Based on the foregoing, the Court **ORDERS:**

- Plaintiff's Request is **GRANTED IN PART and DENIED in PART.**
- Docket Entries No. 1 and 5 in this Case are to be **TEMPORARILY SEALED**. If Plaintiff does not file redacted Complaints within **21 days** of the entry of this order, the Court of Clerk is directed to lift the seal on these documents.
- Plaintiff is **DIRECTED** to file redacted versions of BOTH Docket No. 1 (Complaint) and 5 (First Amended Complaint) in this case within **21 Days** of the entry of this order. The redacted complaints should contain redactions *only* for information directly related to medical history, medical records, and other medical information.
- The Clerk of Court is **DIRECTED** to send to Plaintiff certified copies of Dkt. No. 1 and 5 to be used by Plaintiff for purpose of redaction.

---

[3] Plaintiff may redact the documents by using a black marker to redact any information. Alternatively, they may use Adobe PDF's redaction tool. The Court will direct the Clerk of Court to send Plaintiff certified copies of docket entries 1 and 5 for the purpose of this redaction.

1     **IT IS SO ORDERED.**

2     Dated: June 27, 2018

3                                     Hon. Gonzalo P. Curiel

4                                     United States District Judge