# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RACQUEL S. BOVIER, c/o EPIPHANY ONEPOINTE TELETHERAPY & ASSOC., LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPOINT EDUCATION/ASHFORD UNIVERSITY, BRIDGEPOINT UNIVERSITY GOVERNING BOARD OF REGENTS, DR. CRAIG MAXWELL, DR. ANTHONY "TONY" FARRELL, DR. DENISE MAXWELL, MR. JOHN GOODISON, DR. IRIS LAFFERTY, DR. TAMECCA FITZPATRICK, DR. JUDY DONOVAN, DR. JACKIE KYGER, MS. HEATHER MASON, DR. ALAN BELCHER, MR. ARMONDO DOMINGUEZ & ASSOC.,<br><br>Defendants. | Case No.: 3:17-cv-01052-GPC-JMA<br><br>**ORDER PERMANENTLY SEALING PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT** |

1    Previously, Plaintiff motioned the Court to retroactively seal the publicly-filed
2  Complaint (ECF No. 1) and First Amended Complaint (ECF No. 5) in the above-
3  captioned case.  (ECF No. 44.)  On June 27, 2018, the Court granted that request in part
4  and denied it in part, applying a temporary seal on Plaintiff's complaints, to be revoked if
5  Plaintiff did not timely submit redacted versions of her complaints within 21 days of the
6  entry of the Court's Order.  (ECF No. 45.)
7    Plaintiff did not timely file the redacted documents with the Court within the 21
8  day deadline.  However, Plaintiff submitted a packet of documents, signed February 20,
9  2019, explaining the reason for her delinquent compliance with the Court's earlier Order
10 and attaching a redacted version of her complaint.  (*See* ECF No. 47).  Plaintiff indicates
11 that shortly after she was directed to file the redacted versions of the complaints, she
12 experienced various medical issues that stymied her ability to timely respond to the
13 Court's Order.[1]  Seeing good cause to excuse her untimely filing, the Court **ORDERS**
14 that the sealing on Plaintiff's Complaint and First Amended Complaint (ECF Nos. 1, 5)
15 be made permanent.
16   **IT IS SO ORDERED.**
17 Dated:  March 12, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[1]    A portion of Plaintiff's filings contained corroborating medical records from her visits with medical professionals.  Because the Court previously held such documents subject to sealing, the Court directs the Clerk to file the remainder of the documents to ECF No. 47 under seal.  (*See* ECF No. 45 (recognizing, pursuant to *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at n.1 (N.D. Cal. Jan 10, 2011), that medical privacy is a compelling reason for sealing)).